## HATCH v. FERGUSON et al.

(Circuit Court, D. Washington, N. D. October 6, 1893.)

EQUITY—DEEDS—CANCELLATION—ESTOPPEL.

Where a sale of land is negotiated by one who, without specific authority, assumes to act for the owner, and obtains from the owner a deed to the purchaser, and receives the purchase money, and immediately after completing the transaction informs the grantor of the sale and the terms, and the grantor fails to disavow the sale or make any protest until after receiving and expending the whole of the purchase money and great enhancement in the value of the land by reason of improvements by the purchaser and his vendees, such grantor will not be permitted in equity to claim that the deed was fraudulently obtained by false representations as to the nature and contents of the instrument by such agent in pursuance of a conspiracy between him and the purchaser.

In Equity. Suit by Hester Hatch against E. O. Ferguson, Henry Hewitt, Jr., and the Everett Land Company to determine adverse claims to the title to land upon which the city of Everett is in part located, and to annul a deed conveying her title to said land, for alleged fraud. Dismissed.

A. D. Warner, Stratton, Lewis & Gilman, Junius Rochester, and W. Scott Beebe, for complainant.

Francis O. Barlow and Brown & Brownell, for defendants.

HANFORD, District Judge. A general statement of the case, sufficient for the purpose of this decision, is contained in my opinion in the case of Hatch v. Ferguson, 57 Fed. Rep. 959. The complainant herein is the daughter of Josephine Hatch. In her complaint she charges that a deed to the defendant Hewitt of her interest in the lands referred to in said opinion was signed by her at the request of the defendant Ferguson, who at the time falsely and fraudulently represented the same to be merely a paper to show that she was of age, and not under his guardianship, and that, believing said instrument to be such a paper as he represented, she signed it without intending to convey her interest in said land. The testimony proves conclusively that she knowingly received and used the money paid as consideration for said deed, without making any protest against the sale, and the case might be disposed of in accordance with my opinion in her mother's case. There is, however, additional ground for pronouncing against this complainant. She is able to speak and understand the English language; and the rule in the case of Jackson v. Tatebo, (Wash.) 28 Pac. Rep. 916, therefore, does not apply in this case; and, even were the onus probandi upon the defendants, the suit, in my opinion, must be a failure, for the reason that by a decided preponderance of the evidence it is shown that the complainant was not

deceived, as she alleges, but, on the contrary, the deed was executed by her freely, voluntarily, and knowingly.

Let a decree be entered dismissing the suit, with costs to the defendants.